## OWENS v. UNITED STATES.

### No. 11397.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1945.

George Washington Owens, of Montgomery, Ala., in pro. per., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before SIBLEY and McCORD, Circuit Judges, and KENNAMER, District Judge.

PER CURIAM.

The appellant being without counsel, having declined the appointment of any, and his place of imprisonment being nearby, we have at his request had him brought in to argue his own case. His only contention is that his motion for an instructed verdict, sustained as to two counts of the indictment for violation of the Selective Training and Service Act, 50 U.S. C.A.Appendix, § 301 et seq., should have been sustained also as to the third count on which he was convicted for that, being a registrant, he willfully failed to complete and fill out his questionnaire. Appellant states that he did, for conscientious reasons, refuse to fill out the questionnaire, but that he also refused to register, and therefore was not a registrant bound to answer the questionnaire, and that the evidence on his trial did not show he had registered. There being in the record no bill of exceptions showing what the evidence was, appellee moves to dismiss the appeal. Both sides say the trial was not reported and that certain witnesses testified for the prosecution, appellant not remembering exactly what they said, but the district attorney saying that they testified to proceedings and a record of the local board which was exhibited and which the board regarded as a sufficient registration. The transcript discloses that the first count in the indictment was one for willfully failing and refusing to register at his place of residence in Alabama; and that on appellant's motion a verdict of not guilty was directed on this count. We feel satisfied that there was evidence of registration of which appellant thus got the benefit. Certain it is that the record is not such as to show us there was none. Without a bill of exceptions to show what the evidence on the trial was, we are not in position to rule on the propriety of the refusal to direct an acquittal.

Judgment affirmed.